NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0683-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MALIK FLOWERS, a/k/a
NATHANIEL SANDERS,

 Defendant-Appellant.
____________________________

 Submitted May 24, 2017 – Decided August 8, 2017

 Before Judges Fuentes, Simonelli and
 Farrington.

 On appeal from the Superior Court of New
 Jersey, Law Division, Hudson County,
 Indictment No. 07-09-1501.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Lee March Grayson, Designated
 Counsel, on the brief).

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent (Kerry J. Salkin,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Malik Flowers appeals from a May 28, 2015 order,

denying his petition for post-conviction relief (PCR) without an
evidentiary hearing. Having reviewed the record in light of the

applicable legal principles, we affirm.

 Defendant was convicted by a jury of robbery, N.J.S.A. 2C:15-

1, first degree; possession of a firearm for unlawful purposes,

N.J.S.A. 2C:39-4(a), second degree; aggravated assault by pointing

a firearm, N.J.S.A. 2C:12-1(b)(4), fourth degree; unlawful

possession of a handgun, N.J.S.A. 2C:39-5(a), third degree; and

certain persons not to have weapons, N.J.S.A. 2C:39-7(b), second

degree.

 Defendant's conviction and sentence were affirmed on direct

appeal, State v. Flowers, No. A-2401-09 (App. Div. Aug. 5, 2013),

and the Supreme Court thereafter denied his petition for

certification, State v. Flowers, 217 N.J. 588 (2014). On June 12,

2014, defendant filed a pro se PCR petition alleging "ineffective

assistance of counsel" without providing specific facts to support

his claim. Following court assignment of PCR counsel, defendant

filed an amended petition supported by his certification.

 We incorporate by reference the procedural and factual

history of the case and summarize the relevant facts drawn from

our opinion on direct appeal. Flowers, supra (slip op. at 2-5).

On April 17, 2007, a man later identified as defendant entered a

deli in Jersey City at about 10 p.m. Armed with a handgun, he

pulled the storefront gate halfway down and put on a mask. Then

 2 A-0683-15T1
a second man, unmasked and later identified as co-defendant Aleem

Mallard, entered and pulled the gate completely shut. Defendant

brandished the gun at the three deli employees and demanded money.

He struck an employee named Pedro1 on the head with his gun and

took Pedro's money and cell phone. After taking employee Tareek

Ali's wallet, chain, and money, the gunman removed about $1200

from the cash register. Then the two men exited through the front

door of the store. The incident lasted approximately fifteen

minutes.

 Around the same time as the robbery, Francisco Fernandez was

looking out his third-floor apartment window approximately thirty

to fifty feet from the deli. He noticed two "suspicious" men near

a green Dodge. Both were African-American, around six feet three

inches tall, weighing around 220 to 240 pounds. Fernandez noted

that the man closer to his window was crouching down and signaling

to the other man down the block, pointing in the direction of the

store. The man nearer to the store appeared to be in his late

twenties or early thirties, wearing a red shirt. The other man,

who appeared older, wore a black shirt and dark jeans.

 After observing for a few minutes, Fernandez witnessed the

two men get into the Dodge and drive away. He noted the license

1
 Pedro's last name does not appear in the record.

 3 A-0683-15T1
plate number when the car's lights were turned on and called the

police. Shortly thereafter, he saw the police arrive at the deli

and learned of the robbery. Fernandez never saw defendant or

Mallard enter or exit the deli. In court, he identified defendant

as the older man and Mallard as the man closer to the deli.

 Based upon the license plate number provided by Fernandez,

Detective Joseph Walsh drove Fernandez to an address on Fulton

Street. En route, they saw the Dodge with the same license plate

drive past them, and Walsh pursued the vehicle. During the chase,

the Dodge crashed into a metal pole and the driver and passenger

exited the car. Fernandez identified them to the police as the

suspicious men he viewed from his apartment.

 The police immediately arrested both defendant and Mallard.

The police recovered a loaded handgun from the trunk, $511 from

Mallard's clothing, $831 from defendant's pants pocket, and five

of Ali's credit cards from defendant's boots.

 In his PCR petition, defendant certified that he was denied

effective assistance of both trial and appellate counsel.

According to defendant, trial counsel gave him "misinformation and

ill-advise[d assistance]." He further certified trial counsel

failed to file necessary motions, argue "appropriate things at

sentence," and failed to "consider all defenses and failed to

 4 A-0683-15T1
investigate defenses that existed in the case, and failed to

utilize an investigator on his behalf."

 Specifically, defendant alleged his attorney did not

investigate the background of Fernandez, and as a result failed

to discover Fernandez's prior arrests, convictions, and pending

charges. Defendant certified his attorney failed to "explain to

me that bias was something that could be used to cross-examine

[sic] a witness." He further alleged that trial counsel failed

to object to certain unspecified jury instructions which resulted

in the enhanced standard of "plain error" on appeal.

 Defendant also alleged appellate counsel was ineffective

because his:

 substantive issues focused only upon the jury
 instructions and failed to include the motion
 to suppress that was litigated by my trial
 attorney. This prevented the Appellate
 Division from considering both the motion to
 suppress, the physical evidence found in the
 car, as well as the show up identification
 performed by the police after I was arrested.

 In rejecting defendant's ineffective assistance of counsel

claims, the PCR court, citing Strickland v. Washington, 466 U.S.

668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and State v. Fritz,

105 N.J. 42 (1987), found defendant failed to establish a prima

facie case with regard to trial counsel's failure to cross-examine

Fernandez on his disorderly persons conviction. The court found

 5 A-0683-15T1
that in 2007, the time the identification and statement were made,

the conviction for the offense did not exist and the offense had

not been committed. Therefore, Fernandez could not have benefitted

from lenient treatment given in return for his statement and

identification. Judge Martha T. Royster further noted at the time

of the trial Fernandez had already been sentenced to a one-year

probationary term. She noted pursuant to State v. Rowe, 57 N.J.

293 (1970) and N.J.R.E. 609 that cross-examination of Fernandez

on a conviction of a disorderly persons offense was prohibited.

 Turning to defendant's contention that trial counsel was

ineffective for failing to object to the accomplice liability and

identification jury instruction, the PCR judge, referring to our

earlier decision, noted we had failed to find prejudicial error,

instead finding only that the last part of the instruction had

been poorly worded. In light of this court's determination, the

PCR judge found defendant failed to meet the second prong of the

Strickland/Fritz analysis as the application of either the plain

error or harmless error standards would result in the same outcome.

 The PCR court next considered whether defendant's appellate

counsel was ineffective for failing to raise on appeal deficiencies

in the motion to suppress and the denial of the Wade2 motion without

2
 U.S. v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149
(1967).

 6 A-0683-15T1
an evidentiary hearing. Citing to the findings of the motion

judge, the PCR judge noted that, in deciding the motion to

suppress, the motion court based its findings on the credibility

of the officers who testified. Based upon that testimony, the

motion judge found the show-up identifications were not tainted

by suggestiveness, and the trunk of the Dodge was open after the

vehicle crashed into the pole and the hand gun was in plain view.

The motion judge further found the testimony of the expert called

on behalf of the defense to be unconvincing. Judge Royster

referred to the transcript of the motion hearing and quoted the

motion judge, Judge Peter J. Vasquez, who in response to defense

counsel's argument that Fernandez did not make the identification

independently and his purported identification was tainted by

police suggestiveness, said:

 I just don't follow that argument.

 . . . .

 It's not important to my decision because
 as far as I can tell there's been no testimony
 or anything in writing put before me other
 than [that] you don't believe the police
 officer . . . would show any indication of any
 -- of the State's involvement in any way in
 the identification.

 The PCR judge found that because the motion judge's decision

was based on credibility determinations defendant "fail[ed] to

 7 A-0683-15T1
demonstrate that counsel's representation fell below an objective

standard of reasonableness."

 Judge Royster found that even if she were to accept that the

first prong of Strickland/Fritz was satisfied, and found that it

would have been objectively reasonable for appellate counsel to

raise the show-up on appeal, there was nothing in the record or

in petitioner's current submission in terms of specific, adequate

facts which demonstrated that the identification was in fact

unreliable, and that, had the issue been raised, the results of

the proceeding would have been different.

 This appeal followed. On appeal, defendant raises the

following points and sub-points for our consideration:

 POINT I

 THE ORDER DENYING [PCR] SHOULD BE REVERSED AND
 THE CASE REMANDED FOR A FULL EVIDENTIARY
 HEARING BECAUSE THE DEFENDANT MADE A PRIMA
 FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF
 COUNSEL UNDER THE STRICKLAND/FRITZ TEST.

 A. TRIAL COUNSEL WAS DEFICIENT BECAUSE HE
 DID NOT CROSS-EXAMINE THE STATE'S
 WITNESS, [ ], ABOUT HIS PRIOR RECORD AND
 PENDING CHARGES.

 B. TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE
 FAILED TO OBJECT TO CERTAIN IMPROPER JURY
 INSTRUCTIONS AT TRIAL THAT WERE RAISED
 IN THE DIRECT APPEAL.

 C. DEFENDANT RECEIVED INEFFECTIVE
 ASSISTANCE OF APPELLATE COUNSEL WHO
 FAILED TO RAISE THE ISSUES OF THE TRIAL

 8 A-0683-15T1
 COURT'S DENIAL OF HIS MOTION TO SUPPRESS
 EVIDENCE AND SHOW-UP IDENTIFICATION.

 1. APPELLATE COUNSEL WAS INEFFECTIVE
 BY NOT CHALLENGING THE TRIAL
 COURT'S DENIAL OF THE SUPPRESSION
 MOTION TO BAR EVIDENCE OF THE GUN
 THAT WAS ALLEGEDLY FOUND IN THE
 TRUNK OF THE CAR.

 2. APPELLATE COUNSEL WAS INEFFECTIVE
 BY NOT CHALLENGING THE TRIAL
 COURT'S DENIAL OF THE WADE
 MOTION WITHOUT AN EVIDENTIARY
 HEARING.

 POINT II

 THE PCR COURT ERRED BY NOT GRANTING AN
 EVIDENTIARY HEARING.

 "Post-conviction relief is New Jersey's analogue to the

federal writ of habeas corpus." State v. Preciose, 129 N.J. 451,

459 (1992). Under Rule 3:22-2(a), a criminal defendant is entitled

to post-conviction relief if there was a "[s]ubstantial denial in

the conviction proceedings of defendant's rights under the

Constitution of the United States or the Constitution or laws of

the State of New Jersey[.]" "A petitioner must establish the

right to such relief by a preponderance of the credible evidence."

Preciose, supra, 129 N.J. at 459 (citations omitted). "To sustain

that burden, specific facts" that "provide the court with an

adequate basis on which to rest its decision" must be articulated.

State v. Mitchell, 126 N.J. 565, 579 (1992).

 9 A-0683-15T1
 We review the PCR court's findings of fact under a clear

error standard and conclusions of law under a de novo standard.

See State v. Harris, 181 N.J. 391, 420-21 (2004), cert. denied,

545 U.S. 1145, 125 S. Ct. 2973, 162 L. Ed. 2d 898 (2005). However,

where, as in this case, "no evidentiary hearing has been held, we

'may exercise de novo review over the factual inferences drawn

from the documentary record by the [PCR judge].'" State v. Reevey,

417 N.J. Super. 134, 146-47 (App. Div. 2010) (quoting Harris,

supra, 181 N.J. at 421), certif. denied, 206 N.J. 64 (2011).

 Defendant argues an evidentiary hearing was warranted because

he presented a prima facie case for PCR based on material disputed

facts contained outside the record. The mere raising of a claim

for PCR does not entitle the defendant to an evidentiary hearing.

State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1991),

certif. denied, 162 N.J. 199 (1999). Rather, trial courts should

grant evidentiary hearings only if the defendant has presented a

prima facie claim of ineffective assistance, material issues of

disputed fact lie outside the record, and resolution of the issues

necessitate a hearing. R. 3:22-10(b); State v. Porter, 216 N.J.

343, 355 (2013). "Rule 3:22-10 recognizes judicial discretion to

conduct such hearings." Preciose, supra, 129 N.J. at 462.

 A PCR court deciding whether to grant an evidentiary hearing

"should view the facts in the light most favorable to a defendant

 10 A-0683-15T1
to determine whether a defendant has established a prima facie

claim." Id. at 463. To establish a prima facie claim of

ineffective assistance of counsel, a defendant must demonstrate

the reasonable likelihood of succeeding under the test set forth

in Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L.

Ed. 2d at 698, and United States v. Cronic, 466 U.S. 648, 104 S.

Ct. 2039, 80 L. Ed. 2d 657 (1984), which our Supreme Court adopted

in Fritz, supra, 105 N.J. at 58. Preciose, supra, 129 N.J. at

463.

 Under the Strickland standard, a petitioner must show

counsel's performance was both deficient and prejudicial. State

v. Martini, 160 N.J. 248, 264 (1999). The performance of counsel

is "deficient" if it falls "below an objective standard of

reasonableness" measured by "prevailing professional norms."

Strickland, supra, 466 U.S. at 688, 104 S. Ct. at 2064-65, 80 L.

Ed. 2d at 693-94.

 This requires showing that counsel made errors
 so serious that counsel was not functioning
 as the 'counsel' guaranteed the defendant by
 the Sixth Amendment. Second, the defendant
 must show that the deficient performance
 prejudiced the defense. This requires showing
 that counsel's errors were so serious as to
 deprive the defendant of a fair trial, a trial
 whose result is reliable. Unless a defendant
 makes both showings, it cannot be said that
 the conviction . . . resulted from a breakdown
 in the adversary process that renders the
 result unreliable.

 11 A-0683-15T1
 [Fritz, supra, 105 N.J. at 52 (quoting
 Strickland, supra, 466 U.S. at 687, 104 S. Ct.
 at 2064, 80 L. Ed. 2d at 693).]

 In determining whether defense counsel's representation was

deficient, "'[j]udicial scrutiny . . . must be highly deferential,'

and must avoid viewing the performance under the 'distorting

effects of hindsight.'" State v. Norman, 151 N.J. 5, 37 (1997)

(quoting Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065,

80 L. Ed. 2d at 694). Because of the inherent difficulties in

evaluating a defense counsel's tactical decisions from his or her

perspective during trial, "a court must indulge a strong

presumption that counsel's conduct falls within the wide range of

reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the

challenged action 'might be considered sound trial strategy.'"

Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed.

2d at 694-95.

 In determining whether defense counsel's alleged deficient

performance prejudiced the defense, "[i]t is not enough for the

defendant to show that the errors had some conceivable effect on

the outcome of the proceeding." Id. at 693, 104 S. Ct. at 2067,

80 L. Ed. 2d at 697. Rather, defendant bears the burden of showing

"that there is a reasonable probability that, but for counsel's

 12 A-0683-15T1
unprofessional errors, the result of the proceeding would have

been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." Id. at 694,

104 S. Ct. at 2068, 80 L. Ed. 2d at 698; see also Harris, supra

181 N.J. at 432.

 Judged by these standards, we are convinced that defendant

failed to make a prima facie showing of ineffective assistance of

trial counsel within the Strickland/Fritz test warranting an

evidentiary hearing.

 The PCR judge correctly found defendant failed to set forth

a prima facie case that trial counsel's performance was both

deficient and prejudicial. It is well established that "[i]n

matters of trial strategy, we accord great deference to the

decisions of counsel[.]" State v. Biegenwald, 126 N.J. 1, 56

(1991). We agree with the PCR court that trial counsel's conduct

falls within the wide range of reasonable professional assistance

and sound trial strategy.

 With regard to defense counsel's failure to cross-examine

Fernandez regarding his prior record and pending charges,

defendant states:

 While it appears the guilty plea [to the
 contempt charge] was to a disorderly persons
 offense, the record is unclear as to whether
 this contempt charge originated as a fourth-
 degree crime.

 13 A-0683-15T1
 . . . .

 In addition, the record indicates that between
 July 2008 and February 2009, Fernandez engaged
 in a pattern of misbehavior that resulted in
 three arrests.

 . . . .

 [D]efendant believes [contrary to the evidence
 and Rules of Evidence] that Fernandez obtained
 the benefit of a twelve-month probationary
 term instead of a conviction for a fourth-
 degree crime . . . and . . . [t]hus, the use
 of Fernandez's recent conviction was necessary
 to attack his credibility and show bias.

 As pointed out by the PCR judge, N.J.R.E. 609 provides, "[f]or

the purpose of affecting the credibility of any witness, the

witness's conviction of a crime . . . must be admitted unless

excluded by the judge" as remote or for other causes. N.J.R.E.

609(a)(1). The Legislature has defined conviction of a crime as

an offense "for which a sentence of imprisonment in excess of

[six] months is authorized." N.J.S.A. 2C:1-4(a). Disorderly

person offenses are not crimes and cannot be used for impeachment

purposes. Rowe, supra, 57 N.J. at 302. There is no evidence that

Fernandez was ever convicted of a crime. His "pattern of

misbehavior resulting in three arrests" is of no consequence.

Further, as Judge Royster noted,

 [h]owever, in reviewing everything in the
 totality of the circumstances, a few things
 are clear to the court which impact its
 decision.

 14 A-0683-15T1
 First, at the time the identification and
 statement to the police was made by this
 witness that particular charge did not exist.
 So, if we take into question the v[e]racity
 of the identification and statement of the
 witness at the time that it was originally
 made back in 2007, near April, the -- the
 witness had not yet been charged with this
 contempt charge. So, the actual[]
 identification and statement to the police,
 there's been nothing [im]proper to the court
 to suggest that the original statement or
 identification was in any way done for the
 purposes of reaping benefit or favor from the
 prosecutors as that charge had not yet
 existed.

 Speculative deficiencies in representation are insufficient

to support a claim of ineffective assistance of counsel. Fritz,

supra, 105 N.J. at 64. Defendant's claims regarding possible

benefits to Fernandez are mere speculation. Further, his claims

that trial counsel failed to cross-examine Fernandez on his alleged

history of arrests, ordinance violations, and disorderly persons

conviction is contrary to law and the Rules of Evidence.

 We consider next defendant's claim that trial counsel was

ineffective because he failed to object to accomplice liability

and identification jury charges, which was raised in defendant's

direct appeal. Defendant cannot raise as grounds for PCR an issue

that was raised in decided on direct appeal. R. 3:22-5. Defendant

also argues that appellate counsel rendered ineffective assistance

by failing to challenge the denial of his motion to suppress the

 15 A-0683-15T1
gun that was found in the trunk of his car in plain view, and the

denial of his Wade motion without an evidentiary hearing. We

reject this argument substantially for the reasons expressed by

the PCR Judge.

 Affirmed.

 16 A-0683-15T1